IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IMANUEL AMEN MESIAH, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 18-CV-5058 |
| : | |
| COMMONWEALTH OF : | |
| PENNSYLVANIA, *et al.*, : | |
|     Defendants. : | |

MEMORANDUM

BEETLESTONE, J.                                                         NOVEMBER 26th, 2018

*Pro se* Plaintiff Imanuel Amen Mesiah brings this civil action against the Commonwealth of Pennsylvania and the Philadelphia Family Court. (ECF No. 2.) He has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) For the following reasons, the Court will grant Mesiah leave to proceed *in forma pauperis* and dismiss his Complaint.

I.     **FACTS**

In his Complaint, Mesiah alleges that in September of 2018, Aneesah Taylor applied for a temporary Protection from Abuse ("PFA") order (presumably against him). (Compl. at 6.)[1] The PFA was granted after an *ex parte* hearing. (*Id.*) Mesiah now alleges that Pennsylvania's Protection from Abuse Act (Chapter 61 of Title 23 of the Pennsylvania Consolidated Statutes) violates the First, Second, Fourth, Fifth, Sixth, Seventh, Eighth, and Tenth Amendments. (*Id.*) He argues that PFA orders "impede upon citizens' freedom of speech, freedom of press, freedom to assemble, [and] right to bear arms." (*Id.*) Mesiah further claims that PFA orders "allow [citizens] to be immediately evicted from their homes and lose custody of their children, without the due process rights of a speedy trial, jury trial, right to coun[sel], statute of limitations, double

---

[1] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

1

jeopardy, protection from illegal search & seizure, no probable cause, no right to an attorney, no right to face accuser, no presumption of innocen[c]e." (*Id.*) He also argues that the Act "allows a judge to unilaterally deprive these rights by [a] finding of preponderance of evidence, and issuance of court order, which oversteps the power of a civil judge." (*Id.*) According to Mesiah, these "freedoms should not be deprived from someone not convicted of crime." (*Id.*)

As relief, Mesiah seeks an "immediate emergency injunction to cease the issuance of all PFA orders, and to nullify all existing PFA orders, until the outcome of this case." (*Id.* at 7.) He also seeks "the perman[ent] nullification of the PA PFA Act as it is clearly unconstitutional." (*Id.*) Finally, Mesiah requests $10,000.00 "for [himself] and for every victim adversely affected by this unconstitutional law, as punitive damages and compensation for harm caused." (*Id.*)

## II. STANDARD OF REVIEW

The Court will grant Mesiah leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees necessary to commence this action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* As Mesiah is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

2

## III. DISCUSSION

Because Mesiah alleges that Pennsylvania's Protection from Abuse Act violates several constitutional amendments, the Court construes his Complaint to be brought pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As discussed below, the Complaint, as pled, fails to state a claim under § 1983.

Mesiah requests an injunction "to cease the issuance of all PFA orders, and to nullify all existing PFA orders." (Compl. at 7.) He also seeks to have everyone who has been subjected to a PFA to receive $10,000.00. (*Id.*) To the extent Mesiah is attempting to raise claims on others' behalf, he lacks standing to do so. "[A] plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim. *See Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) (quotations omitted)). Specifically, "[t]o have standing to bring a claim in federal court, a plaintiff must show, inter alia, that he has 'suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical.'" *Marin v. Leslie*, 337 F. App'x 217, 219 (3d Cir. 2009) (per curiam) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). The Court will therefore dismiss any claims regarding issuance of PFA orders against other individuals.

To the extent that Mesiah is seeking dismissal of any PFA proceedings against him, the Court cannot provide such relief. To the extent he is seeking review of finalized PFA proceedings, this Court lacks jurisdiction to do so. Pursuant to the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court

judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). Based on that principle, the *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 166 (quotations omitted). Therefore, this Court lacks jurisdiction over any claims seeking to dismiss any rulings in concluded state court proceedings. To the extent Mesiah seeks dismissal of any pending PFA proceedings, the Court cannot provide such relief, as it may not intervene in his state civil proceedings. *See Younger v. Harris*, 401 U.S. 37, 43-44 (1971); *Duran v. Weeks*, 399 F. App'x 756, 758–59 (3d Cir. 2010) (per curiam) ("Since Duran's section 1983 action seeking to enjoin his criminal prosecution presents the classic case for *Younger* abstention, the District Court's dismissal of Duran's complaint on that basis was clearly appropriate."); *Anthony v. Council*, 316 F.3d 412, 418 (3d Cir. 2003) (noting that "*Younger* has been applied to civil enforcement proceedings and other civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions").

Mesiah also requests that the PFA Act be declared unconstitutional. (Compl. at 7.) Such a facial challenge to the Act is not barred by the *Rooker-Feldman* doctrine. *See Mikhail v. Kahn*, 991 F. Supp. 2d 596, 618-19 (E.D. Pa. 2014), *aff'd*, 571 F. App'x 68 (3d Cir. 2014) (per curiam).[2] At this time, however, Mesiah cannot proceed on his facial challenge because it is not clear whether he has standing to bring such a claim. The Complaint fails to set forth whether a PFA was ever issued against Mesiah and, if so, whether Mesiah is still subject to any PFA

---

[2] While facial challenges are not barred by the *Rooker-Feldman* doctrine, as-applied challenges, which are "only reachable by reviewing a state-court decision," are. *Mikhain v. Kahn*, 991 F. Supp. 2d 596, 618-19 (E.D. Pa. 2014).

4

orders. *See id.* at 620 n.13 (citations omitted). Thus, Mesiah's facial challenge will be dismissed at this time.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Mesiah leave to proceed *in forma pauperis* and dismiss his Complaint. In light of Mesiah's *pro se* status, this dismissal will be without prejudice to his right to file an amended complaint in the event that he can clarify his facial challenge to the PFA Act and establish that he has standing to bring such a challenge. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

BY THE COURT:

_____
**WENDY BEETLESTONE, J.**